**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS FONSECA-MARTINEZ,
AKA Armando Fonseca, AKA Carlos
Fonseca Martinez, AKA Juan Martinez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70344

Agency No. A090-058-960

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Juan Carlos Fonseca-Martinez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

deferral of removal under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We "review for abuse of discretion whether the BIA clearly departs from its own standards." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We review for substantial evidence the agency's factual findings. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). We deny the petition for review.

The BIA did not abuse its discretion in affirming the IJ's competency determination. *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018) (finding no abuse of discretion when petitioner "did not show an inability to answer questions or a high level of distraction"); *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011). The record does not support any argument that the agency failed to comply with the procedures mandated by the permanent injunction entered in *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013), and its implementing order, *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal., Oct. 29, 2014).

Substantial evidence supports the agency's denial of CAT relief because Fonseca-Martinez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (denying CAT relief where possibility of torture was too speculative).

**PETITION FOR REVIEW DENIED.**