**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWIN EDUARDO CAMPOS MEJIA,
      *Petitioner*,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,
      *Respondent*.

No. 15-70155

Agency No.
A071-583-259

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2017
Pasadena, California

Filed August 29, 2017

Before: Susan P. Graber and Mary H. Murguia, Circuit
Judges, and Edward J. Davila,[*] District Judge.

Opinion by Judge Davila

---

 [*] The Honorable Edward J. Davila, United States District Judge for the Northern District of California, sitting by designation.

# SUMMARY[**]

## Immigration

The panel granted Edwin Eduardo Campos Mejia's petition for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture, and concluding that remand to the immigration judge was not warranted for further consideration of Campos Mejia's mental competency.

The panel held that the immigration judge erred by failing to determine whether procedural safeguards were required after Campos Mejia showed signs of mental incompetency. The panel concluded that under *In re M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011), there were clear indicia of incompetency that triggered the immigration judge's duty to explain whether Campos Mejia was competent and whether procedural safeguards were needed.

The panel further held that the Board abused its discretion by failing to explain why it allowed the immigration judge to disregard *In re M-A-M-*'s rigorous procedural requirements. Accordingly, the panel remanded to the Board with instructions to remand to the immigration judge for a new hearing consistent with *In re M-A-M-*.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Matthew J. Smock (argued) and Amy J. Laurendeau, O'Melveny & Myers LLP, Newport Beach, California, for Petitioner.

Sarah K. Pergolizzi (argued), Trial Attorney; Emily Anne Radford, Assistant Director; Chad A. Readler, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

DAVILA, District Judge:

Petitioner Edwin Eduardo Campos Mejia seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioner showed signs of mental incompetency during proceedings before the IJ. Petitioner argues that, under governing BIA precedent, these signs triggered the IJ's duty to determine whether procedural safeguards were needed, but that the IJ failed to do so. We agree. Accordingly, we grant the petition and remand.

**BACKGROUND**

Petitioner, a native of Guatemala, entered the United States without inspection at some point between 1986 and 1991. The Department of Homeland Security initiated removal proceedings in 2004 in a Notice to Appear. Petitioner admitted the factual allegations in the Notice, and

the IJ sustained the charge of removability. Petitioner's case was administratively closed for most of the next six years while he served prison sentences for driving under the influence. The Department of Homeland Security moved to recalendar the case in December 2010.

Petitioner first sought cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, but he withdrew his application because his criminal record disqualified him from relief. In October 2011, he filed a Form I-589 Application for Asylum and Withholding of Removal, seeking asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158; withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); and deferral of removal under the CAT, 8 C.F.R. § 1208.16.

Petitioner, assisted by counsel, presented evidence at three removal hearings. At the first, on June 25, 2012, Petitioner was examined by his counsel and by the IJ. He testified about the violence that he had experienced as a child, including witnessing the deaths of family members and others. During one conflict, he suffered a severe head injury and was knocked unconscious. He suffers from mental illness that stems from his childhood trauma, and since 2003 he has been treated with medication for major depression with psychotic features. He also has a history of alcohol abuse which, according to his medical records, is likely related to his mental illness. The IJ determined that testimony from Petitioner's parents would be helpful, and he granted an eight-month continuance so that Petitioner could arrange for their appearance.

At the second hearing, on February 14, 2013, the government cross-examined Petitioner. He testified about his criminal convictions, his prison sentences, his work and

family history, his completion of alcohol abuse programs, his entry into the United States, and his parents' return to Guatemala. He further testified that he was not taking his medication and that he was "not functioning quite well" because "[t]here's an ongoing fight in, in between [his mind]," and that he felt a "very strong pressure inside [his] head."

At the final hearing, on June 20, 2013, Petitioner's parents testified. His mother testified about his mental health issues, his medication, and his family situation. His father testified about Petitioner's medical condition and about a fight between the father and a neighbor during a recent visit to Guatemala. Petitioner did not testify.

On September 9, 2013, the IJ issued a written decision denying Petitioner's application and ordering his removal. The IJ denied asylum and withholding of removal because he determined that Petitioner's 2008 and 2010 DUI convictions were for "particularly serious crimes." *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii) (providing that asylum relief and withholding of removal are not available "to an alien if the Attorney General determines that . . . the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States"). The IJ also denied relief under the CAT because Petitioner failed to show that he would likely be tortured by or with the acquiescence of the Guatemalan government. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (holding that a party seeking CAT relief must show that "it is more likely than not that the he or she will be tortured . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" (internal quotation marks omitted) (citing 8 C.F.R. § 208.18(a)(1))).

Petitioner appealed to the BIA. On December 19, 2014, the BIA dismissed the appeal. It affirmed the IJ's findings that Petitioner's DUI convictions were for particularly serious crimes and that Petitioner had not shown that he would likely be tortured upon return to Guatemala. In addition, although "neither party . . . raised the issue of mental competence," the BIA noted that Petitioner "was not taking his medication at the time of his hearing" and suffers from serious psychological problems. After a brief discussion, the BIA held that "we do not find remand warranted for further consideration of the respondent's competency."

Petitioner timely petitioned for review.

**STANDARD OF REVIEW**

We review for abuse of discretion whether the BIA clearly departs from its own standards. *Alphonsus v. Holder*, 705 F.3d 1031, 1044 (9th Cir. 2013).

**DISCUSSION**

Petitioner contends that the IJ erred by failing to determine whether procedural safeguards were required after Petitioner showed signs of mental incompetency. We agree.

Under governing BIA precedent, if an applicant shows "indicia of incompetency," the IJ has an independent duty to determine whether the applicant is competent. *In re M-A-M-*, 25 I. & N. Dec. 474, 480 (B.I.A. 2011). Indicia can include "the inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction," as well as "evidence of mental illness." *Id.* at 479. After determining whether the applicant is competent, the IJ must

"articulate that determination and his or her reasoning." *Id.* at 481. If the IJ determines that the applicant is incompetent, the IJ must employ procedural safeguards and "articulate his or her reasoning" for doing so. *Id.* at 483.

Here, there were clear indicia of Petitioner's incompetency. He has a history of serious mental illness, including hallucinations, bipolar disorder, and major depression with psychotic features. During hearings before the IJ, Petitioner testified that he was not taking his medications and was feeling unwell. He said he was experiencing symptoms of mental illness and felt a "very strong pressure" in his head. He had difficulty following the IJ's questions, and many of his responses were confused and disjointed. Under *In re M-A-M-*, those indicia triggered the IJ's duty to explain whether Petitioner was competent and whether procedural safeguards were needed. The IJ failed to do so.

On review, the BIA noted that Petitioner suffers from serious mental illness and "was feeling unwell without his medication" during the proceedings before the IJ. Nonetheless, the BIA concluded that remand was not warranted because certain procedural safeguards were in place—for instance, Petitioner was represented by counsel, he "presented testimony in support of his claims," and he "provided his parents as witnesses." But the BIA did not address the IJ's failure to articulate his assessment of Petitioner's competence and why these procedural safeguards were adequate.

The BIA abused its discretion by failing to explain why it allowed the IJ to disregard *In re M-A-M-*'s rigorous procedural requirements. *See Alphonsus*, 705 F.3d at 1044 ("It is a well-settled principle of administrative law that an agency abuses its discretion if it clearly departs from its own

standards." (internal quotation marks omitted)).We therefore remand to the BIA with instructions to remand to the IJ for a new hearing consistent with *In re M-A-M-*.

**Petition GRANTED and REMANDED.** The parties shall bear their own costs on judicial review.