**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAJINDER PAL SINGH, | No.   14-70554 |
| Petitioner, | Agency No. A099-890-506 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2017[**]
Pasadena, California

Before:  FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Petitioner Tajinder Pal Singh (Singh) petitions for review of the decision of

the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge (IJ) denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

1.      The BIA acted within its discretion in upholding the IJ's assessment of Singh's mental capacity. *See Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017) (reviewing application of *Matter of M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011) for abuse of discretion). After Singh expressed concerns about his mental functioning, the IJ conducted an inquiry into his competency. The IJ questioned Singh about psychological care and noted that there was no evidence of mental health treatment. The IJ asked Singh if he understood the nature and purpose of the proceedings and Singh indicated that he did. The IJ noted that even though Singh had appeared *pro se*, he had consulted with his prior attorney, answered the IJ's questions, capably commented on the admission of documents, and presented his case. The IJ specifically found that Singh was competent to proceed.

2.      The IJ's adverse credibility determination was supported by substantial evidence and the IJ provided Singh ample opportunity to explain the discrepancies in his testimony, considered the proffered explanations, and identified cogent reasons for rejecting the explanations. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (reviewing adverse credibility determination for substantial evidence). Significantly, the IJ noted that there were inconsistencies

2

between Singh's testimony and his asylum application concerning the date of his arrests, duration of his detentions, mistreatment suffered in detention, medical attention received after release, and his political party.

**3.** Singh's proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (citation omitted), *as amended*. The IJ advised Singh of his procedural rights and developed a thorough record. Singh has also not made the required showing of prejudice. Thus, no due process violation occurred. *See id.*

**4.** The BIA explicitly cited the country conditions evidence in affirming the IJ's denial of protection under the CAT for lack of evidence that Singh would be tortured "by or with the acquiescence of government authorities" if returned to India. Substantial evidence supports the denial of CAT relief. *See Yali Wang*, 861 F.3d at 1007.

**PETITION DENIED.**