
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CONTRERAS-RAMIREZ, AKA Jose Ramirez-Lopez,<br><br>               Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   15-71078<br><br>Agency No. A092-215-926<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2018[**]
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) properly held that the

immigration judge (IJ) did not have an obligation to inquire into Jose Contreras-

Ramirez's mental competency. Because "an alien is presumed to be competent to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

participate in removal proceedings," the IJ was not required to analyze Contreras-Ramirez's mental faculties unless he exhibited "indicia of mental incompetency." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011); *see Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). He did not exhibit any such indicia. In response to the IJ's questions about how he was feeling, Contreras-Ramirez answered that he was feeling "good," that he was fine to proceed with the hearing, that he was thinking clearly, and that he understood that he was in immigration court. *Cf. Mejia*, 868 F.3d at 1121–22. In response to the IJ's questions about his health, Contreras-Ramirez responded that he was "strong enough to work" and said nothing about any past or present mental illness, abnormality, or incompetency. He coherently explained why he wanted to represent himself and admitted the details of his conviction for domestic violence. *Cf. id.* at 1122. In short, nothing in the record suggests that the IJ had reason to doubt Contreras-Ramirez's mental competency, or that the IJ was obligated to inquire further into Contreras-Ramirez's competency.

**2.** The BIA correctly held that the IJ had no obligation to advise Contreras-Ramirez of the availability of Convention Against Torture (CAT) protection or to further develop the record regarding a possible CAT claim. Since Contreras-Ramirez did not express a fear of harm upon returning to Mexico, he had no due

process right to be informed of the possibility of CAT protection. *See Valencia v. Mukasey*, 548 F.3d 1261, 1262–63 (9th Cir. 2008); *cf.* 8 C.F.R. § 1240.11(c)(1). The harm he suffered at the hands of the Mexican police was tied to his conviction for homicide. After his release from prison, he stayed in Mexico for two months before returning to the United States. This action is consistent with his statement that he did not fear returning to Mexico. Without a "plausible basis" for CAT relief, Contreras-Ramirez had "no blanket right" to be advised of his ability to apply for such relief. *Valencia*, 548 F.3d at 1262–63.

**PETITION DENIED.**