NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILTON ANDRES GUNCAY-LUNA, AKA Antonio Jesus Gomez Lopez, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   18-70339 <br><br> Agency No. A208-569-487 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:      WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Milton Andres Guncay-Luna, a native and citizen of Ecuador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion whether the BIA clearly departs from its own standards. *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in affirming the IJ's competency determination under *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). *See Salgado v. Sessions*, 889 F.3d 982, 987-88 (9th Cir. 2018) (explaining the competency procedures set forth in *Matter of M-A-M-*).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Guncay-Luna's testimony and declaration as to the basis for his fear of returning to Ecuador. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). In addition, substantial evidence supports the agency's adverse credibility determination based on Guncay-Luna's admission he previously lied under oath to both an asylum officer and an immigration judge. *See Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) ("The law of this circuit permits the use of the maxim *falsus in uno, falsus in omnibus* in the immigration context."). Thus, in the absence of credible testimony, in this case, Guncay-Luna's asylum and

withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 156 (9th Cir. 2003).

Finally, Guncay-Luna's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he would be tortured if returned to Ecuador.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**