**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO AGUIRRE-URBINA, | No.   17-72602 |
| Petitioner, | Agency No. A087-594-874 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2019
San Francisco, California

Before:  M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

Fernando Aguirre-Urbina, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from the denial by an Immigration Judge ("IJ") of (1) his motion to terminate

removal proceedings based on mental incompetency; and (2) his applications for

withholding of removal and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review as to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the motion to terminate, but grant it as to the withholding and CAT claims.

1. The IJ did not deny Aguirre due process by proceeding with the removal hearing after finding him incompetent. The IJ adopted appropriate procedural safeguards to ensure fairness, assuring that Aguirre had counsel and allowing him to testify with the aid of notes. *See Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017); *Matter of M-A-M-*, 25 I. & N. Dec. 474, 476–83 (BIA 2011). The IJ was not required to terminate the removal proceeding because Aguirre was not restored to competency; instead, only "procedural fairness is required." *M-A-M-*, 25 I. & N. Dec. at 479; *see also Nee Hao Wong v. INS*, 550 F.2d 521, 523 (9th Cir. 1977) ("The Immigration and Naturalization Act contemplates that deportation proceedings may be had against mental incompetents.").

2. In concluding that Aguirre failed to establish that it is more likely than not that he will be tortured if returned to Mexico, the BIA relied only on Aguirre's 2014 testimony. It did not consider a 2016 declaration from Aguirre detailing more recent threats. The BIA thus committed an error of law by failing to consider all relevant evidence, and we grant the petition for review as to the CAT claim and remand to allow it to do so. *See Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018).

3. The IJ erred by not considering Aguirre's mental health in determining whether his conviction for possessing with intent to deliver a controlled substance was a particularly serious crime making him ineligible for withholding of removal.

Although Aguirre did not exhaust this argument in the agency proceedings, we have jurisdiction because it was not available "as of right" when the IJ and BIA issued their decisions. *See Sun v. Ashcroft*, 370 F.3d 932, 942–43 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). At those times, BIA case law dictated that "an alien's mental health is not a factor to be considered in assessing whether he or she has been convicted of a particularly serious crime." *Matter of G-G-S-*, 26 I. & N. Dec. 339, 347 (BIA 2014). But, we subsequently held that mental health is relevant to the determination. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 995–96 (9th Cir. 2018). We therefore grant the petition to allow the BIA to make the particularly serious crime determination. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) (noting that this Court has no jurisdiction to make the determination, only to determine whether the BIA applied the correct legal standard).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED. Each party to bear its own costs.**