**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIOGENES JASSO BERNAL, AKA Jesus Escamilla Serrano, AKA Federico Velasco Rivero, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70272 <br><br> Agency No. A027-149-962 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Pasadena, California

Before:  KELLY,** PAEZ, and BADE, Circuit Judges.

Diogenes Jasso Bernal, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeal's ("BIA") order affirming the Immigration

Judge's ("IJ") competency determination and denial of Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Torture ("CAT") protection.[1]

We have jurisdiction under 8 U.S.C. § 1252. We "review for abuse of discretion whether the BIA clearly departs from its own standards." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We review factual findings for substantial evidence. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We grant the petition for review.

The Department of Homeland Security ("DHS") "has an obligation to provide the [immigration] court with relevant materials in its possession that would inform the court about the respondent's mental competency." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 480 (B.I.A. 2011) (citing 8 C.F.R. § 1240.2(a) (2010)). An IJ must ensure that DHS complies with this obligation. *Calderon-Rodriguez*, 878 F.3d at 1183 (citing *Matter of M-A-M-*, 25 I. & N. Dec. at 480)).

DHS filed a notice of *Franco-Gonzalez* class membership with the immigration court, *see Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097, at *3 (C.D. Cal. Oct. 29, 2014), and requested a "judicial inquiry" to determine Jasso Bernal's competency to represent himself.

---

[1] Jasso Bernal also filed applications for asylum and withholding of removal, which the IJ denied after finding that Jasso Bernal was ineligible for such relief. In his appeal to the BIA, Jasso Bernal did not challenge the IJ's determination that he was ineligible for asylum or withholding of removal. Jasso Bernal also did not contest the IJ's competency finding before the BIA. However, there is no exhaustion issue that precludes this court's review of that issue. *See Calderon-Rodriquez v. Sessions*, 878 F.3d 1179, 1183 n.1 (9th Cir. 2018).

DHS provided the immigration court with a mental health review ("MHR") dated June 10, 2016, and medical records indicating that Jasso Bernal was diagnosed with unspecified psychosis for which he was taking medication. On June 28, 2016, an IJ conducted a competency inquiry and concluded that Jasso Bernal was competent for purposes of the immigration proceedings and to represent himself. In 2017, a different IJ held several hearings on the merits of Jasso Bernal's applications for withholding of removal, asylum, and CAT protection. During those hearings DHS did not provide, and the IJ did not request, updated records relevant to Jasso Bernal's mental competency. Nonetheless, during those hearings, the IJ found Jasso Bernal competent to meaningfully participate in the proceedings and to represent himself.

When evaluating Jasso Bernal's competency, the IJ departed from the requirements of *Matter of M-A-M-* by failing to "adequately ensure that DHS complied with its 'obligation to provide the court with relevant materials in its possession that would inform the court about [Jasso Bernal's] mental competency.'" *Calderon-Rodriguez*, 878 F.3d at 1183 (quoting *Matter of M-A-M-*, 25 I. & N. Dec. at 480)). At the time of the first 2017 hearing, the MHR was nearly a year old. There were also specific indications that, after the date of the MHR, DHS provided medical care to Jasso Bernal and, thus, likely possessed records relevant to his mental competency. Despite these indications, DHS did not

provide, and the IJ did not request, additional material in DHS's possession that would inform the court about Jasso Bernal's competency. *See id.* Thus, the IJ departed from the requirements of *Matter of M-A-M-*, and the BIA abused its discretion in affirming the IJ's competency determinations without explaining why it permitted that departure.

The petition is **GRANTED.** The case is **REMANDED** to the BIA with instructions to remand to the IJ for further proceedings in accordance with this disposition, including a competency determination based on current mental health reviews and medical records, as well as any other relevant evidence.