**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRESENTACION LOPEZ-ALVARENGA, AKA Roberto Lopez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  19-70770 <br><br> Agency No. A092-168-337 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Presentacion Lopez-Alvarenga, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

request to remand and dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for asylum, withholding of removal, and relief

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We "review for abuse of discretion whether the BIA clearly departs from its own standards." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We dismiss in part and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Lopez-Alvarenga's contention regarding his custody status in the context of an appeal of removal proceedings. *See* 8 C.F.R. § 1003.19(d).

To the BIA, Lopez-Alvarenga argued that he was unable to represent himself before the IJ and that he should have been awarded counsel under *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). The BIA abused its discretion in declining to remand because it failed to follow its own precedent. *See Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018) ("Under *Matter of M-A-M-*, if there are indicia of incompetence . . . the Immigration Judge must make further inquiry to determine whether the alien is competent for purposes of immigration proceedings." (internal citation and quotation marks omitted)); *Mejia*, 868 F.3d at 1121-22 (holding the BIA abused its discretion by failing to explain why it allowed the IJ to disregard rigorous procedural requirements that require, if an applicant shows an indicia of incompetency, the IJ to determine whether the applicant is competent and to articulate the reasoning for that determination). Thus, we grant

the petition for review and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach Lopez-Alvarenga's remaining contentions regarding the agency's denial of asylum, withholding of removal, and relief under CAT.

Lopez-Alvarenga's motion to stay his removal (Docket Entry No. 1) is denied as moot.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**