**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA FLORIBETH DIAZ-REYES, AKA Elsa Floribet Diaz-Reyes, AKA Elsa Florivet Diaz-Reyes, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-70955 <br><br> Agency No. A200-812-012 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020[**]

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Elsa Floribeth Diaz-Reyes, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to remand. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part, grant in part, and dismiss in part the petition for review, and we remand.

As to CAT, substantial evidence supports the agency's determination that Diaz-Reyes failed to show it is more likely than not she would be tortured by family members or former guerrillas if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture); *see also Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (agency must consider possibility of relocation within country of removal as part of CAT analysis). However, in denying CAT the agency failed to analyze Diaz-Reyes's claims that she fears future torture by Jaime Magana and by the father of her children, Heriberto Coria Cerdo. *See* 8 C.F.R. § 208.16(c)(3) (agency must consider "all evidence relevant to the possibility of future torture"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner"). Thus, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The BIA did not abuse its discretion in denying Diaz-Reyes's motion to

remand for the IJ to consider newly introduced evidence, because Diaz-Reyes failed to show that the evidence was previously unavailable. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (BIA may deny a motion to reopen where petitioner fails to "introduce previously unavailable, material evidence"); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements for a motion to reopen and a motion to remand are the same."). We lack jurisdiction to consider Diaz-Reyes's contentions as to why this evidence was previously unavailable that were not raised to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

In her reply brief, Diaz-Reyes states that she suffers from post-traumatic stress disorder, chronic depression, anxiety, and claustrophobia. On remand, the agency should consider Diaz-Reyes's competency and whether procedural safeguards are necessary. *See Mejia v. Sessions*, 868 F.3d 1118, 1121-22 (9th Cir. 2017) (if a petitioner shows an indicia of incompetency, the agency must determine whether the petitioner is competent and whether procedural safeguards are necessary).

The government must bear the costs for this petition for review.

Diaz-Reyes's removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.**