NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEPTALI LORETO MORALES, | No. 19-70404 |
| Petitioner, | Agency No. A095-008-910 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2021
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,[**] District Judge.

Neptali Loreto Morales, a citizen of El Salvador and Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming an

Immigration Judge's (IJ) denial of his application for asylum and withholding of

removal. He also challenges the agency's decision not to conduct a competency

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

evaluation or grant a continuance so he could gather additional evidence related to his competency. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1. The agency did not abuse its discretion by failing to conduct a competency inquiry. "[I]f an applicant shows 'indicia of incompetency,' the IJ has an independent duty to determine whether the applicant is competent." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted). Here, the only possible indicium of incompetency was a statement by counsel at the beginning of a hearing that Loreto Morales "just informed [him] a couple days ago that he has severe PTSD." As both the IJ and the BIA reasoned, a bare reference to possible PTSD, lacking any corroboration or details about symptoms, treatment, or other mental health conditions, and "without evidence of an inability to understand the nature and object of the proceedings, [is] insufficient to show mental incompetency," *Salgado v. Sessions*, 889 F.3d 982, 985 (9th Cir. 2018). *See id.* at 984–88 (explaining that the bare assertion of recent memory loss was insufficient to trigger a competency inquiry); *see also In re M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011) ("[W]e . . . recognize that there are many types of mental illness that, even though serious, would not prevent a respondent from meaningfully

2

participating in immigration proceedings.").[1]

2.      The agency did not abuse its discretion in denying Loreto Morales's request for a continuance.  "When evaluating an IJ's denial of a motion for continuance we consider a number of factors—including, for example, (1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted."  *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008).  All four factors support the denial of a continuance.  First, it was unlikely that a two-week continuance would have yielded meaningful evidence given counsel's admission that he "couldn't find indications" that Loreto Morales was even "seeing [a] psychiatrist," or taking any medications for PTSD.[2]  Second, Loreto Morales raised this issue for the first time on the eve of his removal hearing after failing to raise

---

[1] Loreto Morales also suggests that his alleged PTSD "afforded him the protections of *Franco-Gonzalez* class membership."  But the IJ correctly observed that PTSD was not "one of the enumerated mental illnesses within the [*Franco-Gonzalez*] class action."  *See Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG DTBX, 2014 WL 5475097, at *2–3 (C.D. Cal. Oct. 29, 2014) (granting class-wide permanent injunction and defining class, in part, as those diagnosed with certain mental illnesses).

[2] Because we are "limited to reviewing the facts considered by the [BIA]" and are "statutorily prevented from taking judicial notice of" extra-record evidence, *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc), and because no exception to this rule applies, *see Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004), we deny Loreto Morales's motion to supplement the record, Dkt. 41.  Accordingly, we also deny the government's motion for leave to file an untimely opposition to Loreto Morales's motion to supplement, Dkt. 46.

any possible mental health issues throughout his years-long removal proceedings, during which he was represented by multiple attorneys. Third, the IJ reasonably found that granting a continuance (or keeping the record open, as Loreto Morales's attorney requested in the alternative) would have inconvenienced both the government and the court. Finally, Loreto Morales had already received at least four continuances, along with multiple warnings that his removal hearing would not be further postponed.[3]

      3.     Substantial evidence supports the agency's finding that Loreto Morales did not establish a well-founded fear of persecution in El Salvador. The IJ's credibility finding did not require the agency to accept as true Loreto Morales's statements regarding coordination between Mexican and El Salvadoran gangs, a matter beyond his personal knowledge. *See Garland v. Dai*, 141 S. Ct. 1669, 1681 (2021). Moreover, no evidence "compels the conclusion" that Loreto Morales's alleged persecutors in Mexico have counterparts in El Salvador, or that they would coordinate with these associates to seek out and persecute former Mexican soldiers living in El Salvador. *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) (citation omitted). Because the BIA's finding on this

---

[3] Loreto Morales also argues that the IJ and the BIA erred by failing to consider the *Cui* factors. While the agency did not explicitly enumerate these factors, it adequately considered them as its analysis and factual findings closely track the facts we discuss above.

4

issue was sufficient to deny relief, we do not address Loreto Morales's arguments that he demonstrated a well-founded fear of persecution in Mexico. *See Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015) ("[T]o receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in *both* countries." (citing *In re B-R-*, 26 I. & N. Dec. 119, 122 (BIA 2013))).

Loreto Morales also argues the IJ committed legal error by referring to the "preponderance of the evidence" standard from 8 C.F.R. § 1240.8(d), which applies only to grounds for mandatory denial of relief and was irrelevant in this case. But the BIA did not expressly adopt this portion of the IJ's analysis, nor did it summarily affirm the IJ's decision or cite *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Rather, it independently analyzed Loreto Morales's asylum claim, and nothing in its decision indicates that it applied the wrong legal standard to this claim. Because the BIA did not adopt the IJ's analysis on this issue, our "review is limited to the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1239 (9th Cir. 2010) (citation omitted).

4. Loreto Morales argues the IJ erroneously denied his asylum claim on the alternative ground that it was time-barred. Again, however, the BIA did not adopt this portion of the IJ's decision or address the time-bar issue in its own decision. Therefore, we may not review the IJ's finding that Loreto Morales's asylum claim was time-barred. *See id.*

5

**DENIED.**