**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ZALENA MAGAEVA,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 20-70804

Agency No. A201-683-166

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,[***] Judge.

Petitioner Zalena Magaeva, a citizen of Russia, alleges due process

violations in connection with proceedings before the Board of Immigration

Appeals ("BIA") and an Immigration Judge ("IJ"), both of whom rejected her

claims for asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Against Torture. Magaeva argues that the IJ should have conducted an inquiry into her mental competency and that the IJ failed to obtain a knowing, voluntary, and intelligent waiver of counsel. We lack jurisdiction to consider her waiver-of-counsel claim because it was not raised before the BIA. We have jurisdiction to consider her competency claim, but we deny the petition.

1. Magaeva first argues that the IJ was required to conduct an inquiry into her mental competency because indicia of incompetency were present at the time of her hearings.[1] These alleged indicia include comments she made to the IJ, as well as medical records submitted to the IJ. We reject this contention.

IJs are only required to assess an alien's competency when "indicia of mental incompetency" are present. *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011). Such indicia are present when there is "good cause to believe that the alien lacks sufficient competency to proceed without safeguards," such as when the alien at immigration hearings shows an "inability to understand and respond to questions, the inability to stay on topic, or a high level of distraction," or when the record contains "evidence of mental illness or incompetency." *Id.* at 479. Conversely, an alien is competent when she has "a rational and factual

---

[1] The Government contends that Magaeva waived this competency claim by failing to exhaust it before the BIA. However, Magaeva did raise the incompetency issue before the BIA, arguing that she "wasn't feeling well" the day of her hearing and supplying details in support of that assertion.

understanding of the nature and object of the proceedings," the ability to consult with an attorney or representative, if applicable, and a "reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id*. at 484. This court reviews the agency's implementation of the *Matter of M-A-M-* incompetency standard for abuse of discretion. *See Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017).

Here, the BIA did not abuse its discretion in concluding that Magaeva had failed to show any prejudicial error on this score. Despite Magaeva's history of anxiety and depression, the hearing transcripts indicate that she was able to fully understand and follow the proceedings. She confirmed to the IJ that she understood the hearing process and her rights therein; she actively participated in the hearing process, submitting her medical records and other reports into evidence; and she responded promptly and logically to questions from the IJ via the interpreter. Although Magaeva's medical records disclose past serious difficulties, the detention medical facility repeatedly categorized her as "low risk" or "not a risk" in psychiatric evaluations and described her as coherent and aware of her surroundings.

2. Magaeva also argues that her waiver of the right to counsel was not knowing, intelligent, and voluntary. The Government contends that this court lacks jurisdiction to hear Magaeva's waiver-of-counsel claim because she failed to

exhaust it before the BIA. By statute, courts may review final orders of removal "only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Neither Magaeva's submissions to the BIA nor the BIA decision address the issue of waiver of counsel. In a letter to the BIA, Magaeva remarks that one of her fellow detainees hired a lawyer and got out quickly, apparently wishing she had done the same: "I realized that if you don't have money you will stay in prison . . . . I believed in my truth and though[t] that I would not require a lawyer in a court, yet it didn't happen." But this is not an argument that she had not waived counsel voluntarily. At most, it is an expression of regret for the choice she made to proceed alone. Thus, Magaeva's waiver-of-counsel claim is being raised for the first time in her petition for review, which places it beyond the jurisdiction of this court.

The petition for review is **DENIED**.