NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL G. DE LA CRUZ HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-73119

Agency No. A215-680-409

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2023
Pasadena, California

Before:  BRESS and MENDOZA, Circuit Judges, and ERICKSEN,** District
Judge.

Paul G. de la Cruz Hernandez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") denial of his motion to

reconsider the BIA's decision affirming the immigration judge's ("IJ") decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan N. Ericksen, United States District Judge for the
District of Minnesota, sitting by designation.

denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court "review[s] the denial of a motion to reconsider for abuse of discretion." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part.

When Hernandez moved the BIA to reconsider its affirmance of the IJ's decision, he alleged only that "an error occurred when [he] was wrongly denied protection." The BIA denied his motion because Hernandez failed to "specify the error of fact or law in the previous [BIA] decision." To the extent Hernandez has not waived any challenge to the BIA's denial of his motion to reconsider by failing to argue it in his opening brief, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079 (9th Cir. 2013), any challenge to the denial of reconsideration is without merit. Hernandez in his motion for reconsideration failed to identify any specific error in the underlying BIA decision. *See* 8 U.S.C. § 1229a(c)(6)(C) (motions for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority").

We also reject Hernandez's argument that the BIA abused its discretion by failing to remand his case to the IJ for a competency determination. First, Hernandez did not raise any concerns about his competency to the BIA. He therefore failed to exhaust his administrative remedies, and we lack jurisdiction to

2

consider this claim. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) ("[A] petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction."). Although we are sensitive to the unique burdens often placed on pro se litigants, we decline to find that the BIA abused its discretion here. Hernandez made no mention of his competency in his motion to reconsider, so the BIA was not "sufficiently on notice so that it 'had an opportunity to pass on this issue.'" *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (quoting *Zhang*, 388 F.3d at 721).

Even if we were able to recognize an exception to the usual exhaustion rules, Hernandez has not demonstrated circumstances to justify doing so. "[T]he test for determining whether [an applicant] is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011). If an applicant shows indicia of incompetency, the IJ has a duty to determine whether, and articulate why, the applicant is competent. *Campos Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). Hernandez, now proceeding with counsel, argues that three pieces of record evidence showed the requisite indicia of incompetence: (1) Hernandez's detention intake paperwork

3

showing a diagnosis of anxiety and stress, (2) his testimony that he was prescribed Ritalin, and (3) his testimony that he experienced depression after his grandfather's death in 2003. However, the evidence as a whole does not suggest that Hernandez was incompetent at the time of his IJ proceedings. Hernandez tried to obtain an attorney—though unsuccessfully—and presented evidence, including a statement about his life, country reports, and news articles. Accordingly, Hernandez has not demonstrated he was incompetent under *M-A-M-* at the time of his IJ proceedings, such that we could excuse the failure to exhaust these issues before the BIA.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**