**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CRISTINA MARTINEZ DE ESTRADA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-802

Agency No.
A094-195-429

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2024**
Pasadena, California

Before: GILMAN***, N.R. SMITH, and MENDOZA, Circuit Judges.

Cristina Martinez De Estrada (Martinez), a native and citizen of El Salvador,

petitions for review of an order of the Board of Immigration Appeals (BIA)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

denying her motion to remand for a competency hearing.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

The BIA did not abuse its discretion by not remanding Martinez's case for a competency hearing. *See Salgado v. Sessions*, 889 F.3d 982, 988–89 (9th Cir. 2018). The standard for mental incompetency "is a stringent one," under which "a person must show some inability to comprehend or to assist and participate in the proceedings, some inability to consult with or assist their counsel or their representative if pro se, and lack of a reasonable opportunity to present evidence and examine witnesses, including cross-examination of opposing witnesses." *Id.* at 989; *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477–84 (BIA 2011).

Here, the BIA concluded that Martinez failed to establish that the record contained "sufficient indicia of a lack of competency to support a remand." Notably, the BIA recognized that Martinez did not "allege that she was unable to understand the proceedings against her before the Immigration Judge." Moreover, the BIA concluded that Martinez had "the benefit of counsel, and she did not appear to have difficulty communicating with her counsel, opposing counsel, or the

---

[1] Martinez did not challenge the agency's denial of her applications for a waiver under 8 U.S.C. § 1182(h) or adjustment of status. Thus, she forfeited any challenge to these claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 2010).

Immigration Judge." The BIA also recognized that Martinez "was able to understand and answer questions during the hearings below."

On appeal, Martinez does not challenge the BIA's conclusions. Instead, Martinez reasserts that there were sufficient indicia of incompetency to merit a competency hearing. However, Martinez's mental-health allegations did not trigger the Immigration Judge's "independent duty to determine whether the applicant is competent." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). The record, including Martinez's medical-status exams, does not show that Martinez had difficulty understanding the proceedings or presenting her evidence. Accordingly, there were no indicia of incompetency that would require an inquiry into her competence.

**PETITION DENIED.**