**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HERMINI PACHECO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5108 <br><br> Agency No. <br> A034-283-175 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 19, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

Jose Hermini Pacheco, a native and citizen of Portugal, seeks review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal of the Immigration

Judge's (IJ) denial of his application for deferral of removal under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the

petition for review.

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Pacheco has been deaf since childhood. At thirteen, he immigrated to the United States with his family as a lawful permanent resident. Since living in the United States, Pacheco has been convicted of rape three times and has been diagnosed with schizophrenia. Pacheco fears that if he is removed to Portugal, he will be tortured by or with the acquiescence of Portuguese public officials "because he does not fluently speak Portuguese Sign Language" and "he will decompensate without access to a support system or structured environment, and will become incarcerated in a Portuguese prison."

When, as here, "the BIA adopts the IJ's decision while adding some of its own reasoning," this court will "review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We review factual determinations for "substantial evidence" and legal questions "*de novo*." *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We also "review de novo claims of equal protection and due process violations in removal proceedings." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). Finally, "[w]e review for abuse of discretion whether the BIA clearly depart[ed] from its own standards." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017).

1. Rehabilitation Act claim. Pacheco is not entitled to a new hearing under Section 504 of the Rehabilitation Act. 29 U.S.C. § 794(a). To prevail under Section 504, an individual must show that "(1) he is an individual with a disability; (2) he is

otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (internal citation omitted). Here, Pacheco argues that by providing an American Sign Language (ASL) interpreter at his merits hearing—but not a Certified Deaf Interpreter (CDI)—the IJ violated the Act.

Pacheco's argument fails because he, through counsel, *agreed* to proceed without a CDI interpreter. Pacheco's counsel stated that Pacheco "understood" there was no CDI interpreter that day, that Pacheco would proceed without a CDI interpreter, and that Pacheco and the ASL interpreter would alert Pacheco's counsel and the IJ "if there was any difficulty in communication." Pacheco's argument that proceeding in this manner impermissibly shifted the burden onto Pacheco also fails. Although the IJ's failure to have a CDI interpreter available at Pacheco's scheduled hearing is concerning, Pacheco could have requested a continuance upon learning that there was no CDI interpreter. There is no evidence that Pacheco made such a request or that it would have been denied. In sum, Pacheco made an informed decision with advice from counsel to proceed without a CDI interpreter and he cannot now obtain relief based on something he did not complain about at the appropriate time.

2. Due process claim. "Due process requires that an applicant be given competent translation services." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). When a petitioner argues that he was denied due process because of incompetent translation, the petitioner must show that he was "prejudiced" by the incompetent translation. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Pacheco cannot show prejudice. The agency concluded that Pacheco failed to demonstrate the requisite state action needed for a claim under CAT. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (noting that a petitioner must show it is more likely than not that he will be tortured by or with the acquiescence of *a public official*). Because Pacheco has not lived in Portugal for over fifty years and has no close family or friends there, he has no personal experience to make his CAT case. Pacheco thus relied on country condition reports to show state action. But the agency found that Portugal has anti-discrimination laws protecting people with disabilities. Pacheco fails to show how a remand for a new hearing with both an ASL and CDI interpreter could plausibly make any difference in the outcome of his application for CAT protection. *See Singh v. Ashcroft*, 367 F.3d 1139, 1144 (9th Cir. 2004) (noting the standard is whether "a better translation would have made a difference in the outcome of the hearing" (internal citation omitted)).

3. *Matter of M-A-M-.* Pacheco failed to exhaust his argument that the IJ abused its discretion by departing from the requirements set forth in *Matter of M-A-*

4                                                                                          24-5108

*M-*, 25 I. & N. Dec. 474 (BIA 2011). Administrative exhaustion is a mandatory claim-processing rule. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 421 (2023). Pacheco attempts to overcome his failure to exhaust by noting there are "deep intersections between *[Matter of M-A-M-]* and due process" which "put the BIA on notice" that the interpretation issues raised in his brief "could constitute" violations under *Matter of M-A-M-*. S*ee Matter of M-A-M-*, 25 I. & N. Dec. at 484 (holding that if the record contains "indicia of incompetency," the IJ shall determine the alien's competency to participate in removal proceedings, provide appropriate safeguards if required, and articulate the rational for his or her decision).

But neither Pacheco's brief to the BIA nor the BIA decision address Pacheco's argument on appeal that the IJ failed to comply with the "rigorous procedural requirements" under *Matter of M-A-M-*. Even if Pacheco had exhausted the issue, we see nothing in the record that would have required the IJ to reject or further investigate Pacheco's counseled decision to proceed without a CDI interpreter.

4. <u>BIA's state action ruling.</u> Finally, Pacheco argues that the BIA erred because it did not address both theories of state action—direct action by state actors *and* acquiescence—when evaluating his claim under CAT. *See Dhital*, 532 F.3d at 1051. In support of this argument, Pacheco points to a single footnote in the BIA's decision and advocates for an interpretation of the footnote that directly conflicts with the rest of the BIA's decision. Indeed, elsewhere in its decision the BIA

explicitly addresses both direct action by state actors *and* acquiescence. *See Fed. Trade Comm'n v. Microsoft Corp.*, 136 F.4th 954, 966 (9th Cir. 2025) (noting we review decisions "as a whole, and in context" and must not "flyspeck" "isolated phrases").  There is also no merit to Pacheco's argument that the BIA engaged in improper fact-finding.

**PETITION DENIED.**