NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIO BALVANEDA RADDATZ, AKA Julio Balvaneda, AKA Julio Raddatz, AKA Julio Raddatz Balvaneda, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72800 <br><br> Agency No. A044-344-876 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2021**

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

Julio Balvaneda Raddatz, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), cancellation of removal, and waivers under INA § 212(c) and § 212(h). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion whether the agency clearly departs from its own standards. *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). We review de novo questions of law, including claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We review for abuse of discretion the BIA's denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining Balvaneda Raddatz was mentally competent to be in proceedings, where he was able to fully participate in his proceedings, gave no indication he did not understand the nature and purpose of the proceedings, and put forth several legal arguments. *See Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018) ("[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." (quoting *Matter of M-A-M-*, 25 I.

19-72800

& N. Dec. 474, 479 (BIA 2011)).

Balvaneda Raddatz's conviction for assault with a deadly weapon under California Penal Code ("CPC") § 245(a)(1) is an aggravated felony. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018) (determining a prior version of CPC § 245(a)(1), which penalized more conduct than the amended version, is categorically an aggravated felony crime of violence under 18 U.S.C. § 16(a)). Thus, the agency properly determined Balvaneda Raddatz is removable and ineligible for cancellation of removal and asylum. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii); 1229b(a)(3); 1158(b)(2)(A)(ii), (B)(i).

Because Balvaneda Raddatz is removable for an aggravated felony conviction, our jurisdiction is limited to reviewing questions of law and constitutional claims or the denial of relief on grounds other than his conviction. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). We therefore lack jurisdiction to consider Balvaneda Raddatz's contentions challenging the agency's denial of withholding of removal on the basis that his conviction is a particularly serious crime, where he has not raised a legal or constitutional claim. We do not consider Balvaneda Raddatz's contentions disputing the facts of his conviction, and deny his request to consolidate this petition with his state court criminal appeal. *See Ramirez-Villalpando v. Holder*,

645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

The agency did not err in determining that Balvaneda Raddatz is ineligible for a waiver of inadmissibility under INA § 212(c), where the waiver can only be applied retroactively to convictions obtained prior to April 1997, and his conviction occurred in 2017.  *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001); *Matter of Abdelghany*, 26 I. & N. Dec. 254, 255 (BIA 2014).  The agency also did not err in determining Balvaneda Raddatz is ineligible for a § 212(h) waiver, where he did not submit an accompanying application for adjustment of status.  *See Mtoched v. Lynch*, 786 F.3d 1210, 1218 (9th Cir. 2015) ("[A] § 212(h) waiver for a [noncitizen] within the United States is available only in connection with an application for adjustment of status, even for someone who is not eligible to apply for adjustment of status." (citation omitted)).

Balvaneda Raddatz's contentions that he was deprived of an opportunity for judicial review, that the IJ and government counsel failed to advise him of apparent eligibility for relief, that the agency applied the wrong standard or failed to follow its own precedent, that the IJ deprived him of the right to a proper defense, that he was deprived of due process under the Suspension Clause, and that the agency did not consider all relevant evidence are unsupported.

There is no genuine issue of material fact regarding Balvaneda Raddatz's

4                                                                                              19-72800

claim to derivative citizenship, where there is no evidence in the record to support his claim. *See* 8 U.S.C. § 1252(b)(5)(A).

The BIA did not abuse its discretion in denying Balvaneda Raddatz's motion to remand, where he did not show that additional testimony from his father was previously unavailable or that he suffered prejudice from any denial of access to legal library resources while in detention. *See* 8 C.F.R. § 1003.2(c)(1) ("[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Balvaneda Raddatz's contention that the immigration court lacks jurisdiction because his notice to appear lacked a time, date, and location for his initial hearing is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

We lack jurisdiction to review Balvaneda Raddatz's contentions regarding conditions of his detention and requesting release. *See Singh v. Holder*, 638 F.3d 1196, 1211-12 (9th Cir. 2011) (district courts retain jurisdiction over habeas challenges to immigration detention that are independent of challenges to removal order merits).

We lack jurisdiction to review Balvaneda Raddatz's unexhausted

contentions regarding the denial of relief under the CAT and eligibility for cancellation of removal, requesting permission to pursue a U Visa, and challenging documents in the record. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to review legal claims not presented to the BIA).

Balvaneda Raddatz's motion to expedite this petition (Docket Entry No. 17) is denied as moot, and his motions for an additional hearing (Docket Entry No. 17) and to appoint pro bono counsel (Docket Entry No. 19) are denied. The temporary stay of removal remains in place until issuance of the mandate. His motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**