**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL DE LA CRUZ-MANTURANO, | No. 20-70420 |
| Petitioner, | |
| v. | Agency No. A073-391-280 |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2021
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Saul De La Cruz-Manturano ("De La Cruz"), a native and citizen of Peru,

petitions for review of the Immigration Judge's ("IJ") negative reasonable fear

determination, rendering his underlying Department of Homeland Security ("DHS")

removal order administratively final. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 959 (9th

Cir. 2012). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

De La Cruz argues that the IJ's decision, concluding that he did not have a reasonable fear of persecution or torture if removed to Peru, is not supported by substantial evidence. We review an IJ's reasonable fear determination for substantial evidence and remand if a reasonable adjudicator would be compelled to conclude to the contrary. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018).

De La Cruz claims that he will be persecuted if removed to Peru because De La Cruz's father was persecuted by the Shining Path, a terrorist organization in Peru, thirty years ago due to his oppositional efforts, and the group still wants to exact revenge.[1] Substantial evidence supports the IJ's determination that De La Cruz does not have a reasonable fear of persecution because he could safely relocate in Peru. De La Cruz has never experienced a personal encounter with the Shining Path; he lived in Peru for a total of two to three years, between prior deportations in 1998 and 2002, and only reported one attack by unidentifiable, masked men. Moreover, there was no nexus between De La Cruz, his cousin's recent murder in 2017, and a protected ground because his cousin did not identify his attackers as members of the

---

[1] Although the IJ may have erroneously concluded that De La Cruz did not suffer past persecution on account of his father's persecution, *Rusak v. Holder*, 734 F.3d 894, 897 (9th Cir. 2013), the IJ "alternatively concluded that [De La Cruz] did not have a [reasonable] fear of future persecution because of changed country conditions" and his ability to reasonably relocate. *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004). Even assuming the presumption of future persecution applies at reasonable fear proceedings, this alternative conclusion is supported by substantial evidence.

Shining Path and his death record provides no further clarity. *See Bartolome*, 904 F.3d at 808–09 (petitioner must fear persecution in his country of removal based on a protected ground).

De La Cruz also claims that he will be tortured if removed to Peru because when he was attacked by the masked men, a police officer came to his assistance but did not pursue or arrest the perpetrators. Substantial evidence supports the IJ's determination that De La Cruz does not have a reasonable fear of torture because this incident alone is insufficient to demonstrate that De La Cruz would be tortured at the acquiescence or willful blindness of the public officials. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

De La Cruz also argues that the IJ violated his due process rights by failing to conduct a competency evaluation in accordance with *Matter of M-A-M-*, which sets forth a framework for safeguarding the rights of "aliens with competency issues in immigration proceedings." 25 I. & N. Dec. 474, 476 (BIA 2011). We review due

process challenges to immigration proceedings de novo. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000).

As a threshold matter, this Court has not stated whether competency evaluations in accordance with *M-A-M-* are required at reasonable fear proceedings. *Cf. Alvarenga-Rivera v. Barr*, 796 F. App'x 943, 945 (9th Cir. 2020). But assuming that *M-A-M-* does apply here, because De La Cruz brings a due process challenge, he must show that his reasonable fear proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case" and that he suffered prejudice as a result. *Colmenar,* 210 F.3d at 971 (internal quotations and citations omitted).[2]

De La Cruz also claims that the IJ ran afoul of *M-A-M-* by failing to follow up with DHS after unsuccessfully requesting his medical records, which included information on his mental health issues and treatment while in detention. *See Calderon-Rodriguez*, 878 F.3d at 1183 (BIA erred by failing to ensure that DHS complied with its obligation to provide the court with relevant materials in its possession regarding petitioner's mental competency). But De La Cruz has failed

---

[2] *M-A-M-* challenges are also cognizable as departure from agency standards claims, which do not require a showing of prejudice. *See, e.g.*, *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018); *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018); *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017). But, in his opening brief, De La Cruz argues only that his due process rights were violated.

to establish any prejudice from either the failure to conduct a competency evaluation or the failure to follow up with DHS regarding his medical records because he received the very safeguards that *M-A-M-* contemplates for incompetent petitioners. For example, De La Cruz was represented by an attorney and was able to present additional evidence at both his DHS interview and IJ hearings. *See M-A-M-,* 25 I. & N. Dec. at 481–83 (safeguards for a mentally incompetent petitioner include providing counsel and the ability to present evidence and cross-examine witnesses). Thus, De La Cruz did not suffer a due process violation.

De La Cruz's motion for a stay of removal [Docket Entry No. 1] is denied as moot.

**PETITION DENIED.**