**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED ALSAYED ABDELSALAM, AKA Mohammed Youssef Abdelsalim, | No. 19-72018 |
| Petitioner, | Agency No. A208-954-600 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| MOHAMMED AL SAYED, | No. 20-70580 |
| Petitioner, | Agency No. A208-954-600 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2021
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,** District Judge.
Concurrence by Judge MOLLOY

Mohammed Alsayed Abdelsalam petitions for review of the Board of

Immigration Appeals' (BIA) decisions affirming his order of removal and denying

his motion to reopen. Exercising jurisdiction pursuant to 8 U.S.C. § 1252, we deny

the petition in part and dismiss it in part.

1.      The IJ and the BIA did not abuse their discretion by declining to order

a competency evaluation.[1] "[I]f an applicant shows 'indicia of incompetency,' the

IJ has an independent duty to determine whether the applicant is competent."

*Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted). Here,

Abdelsalam showed no indicia of incompetency before the IJ. Although

---

** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

[1]      Abdelsalam asserts that the BIA committed a "due process violation" by failing to "investigate and remand, if necessary, the mental health matter" he raised in his pro se motion. The Fifth Amendment's Due Process Clause requires that the agency "meet traditional standards of fundamental fairness in determining whether an alien is competent to participate in immigration proceedings." *In re M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011). Abdelsalam argues that the IJ and the BIA failed to follow "*In re M-A-M-*'s rigorous procedural requirements," *Mejia v. Sessions*, 868 F.3d 1118, 1222 (9th Cir. 2017), but not that these requirements are inadequate to protect his due process rights. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (recognizing due process claims are exempt from exhaustion requirements "only if they involve more than 'mere procedural error' that an administrative tribunal could remedy" (citation omitted)). Thus, here, "[w]e review for abuse of discretion whether the [agency] clearly departs from its own standards." *Mejia*, 868 F.3d at 1121.

Abdelsalam argues that he "seem[ed] disoriented and confused" during his hearing, he gave many pages of coherent testimony and "did not show an inability to answer questions," "a high level of distraction," or "an inability to stay on topic." *Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018); *cf. id.* (explaining that "the mere inability to remember certain events and give certain testimony does not amount to mental incompetency"). Moreover, his statements that he was "sick" during a previous hearing and that he incurred "injuries" during his travels fall short of indicia of incompetency. *See id.* at 984–85 (holding an IJ was not required to conduct a competency inquiry after a petitioner stated that "he had been involved in a small car accident a week before that was causing him memory loss").

Likewise, given the lack of any indicia of incompetency in the record before the IJ and that Abdelsalam was represented by an attorney before the BIA, the BIA did not abuse its discretion by declining to order a competency evaluation based on Abdelsalam's bare, uncorroborated assertions in a pro se filing that he was "on anti-psychotic[] medication" and, "if unrepresented[,] definitely is a member of the class certified in *Franco-Gonzalez v. Holder*, [No. CV-10-02211 DMG DTBX, 2014 WL 5475097, at *3 (C.D. Cal. Oct. 29, 2014)]," or based on the deficiencies in his pro se motion to reopen. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (explaining that on abuse-of-discretion review we simply ask

3

whether the BIA "act[ed] arbitrarily, irrationally, or contrary to the law, [or] faile[d] to provide a reasoned explanation for its actions." (citation and quotation marks omitted)).

Abdelsalam also asserts that the Department of Homeland Security "was in possession of materials relevant to [his] mental competency" and failed to disclose those materials as required under 8 C.F.R. § 1240.2(a). Although "DHS has an obligation to provide the court with relevant materials in its possession that would inform the court about [Abdelsalam's] mental competency," *In re M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011), Abdelsalam did not raise this argument before the BIA. This argument is therefore unexhausted, and we do not have jurisdiction to consider it.[2] *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

2.      Abdelsalam argues that the BIA abused its discretion by affirming the IJ's finding that his conviction under California Penal Code § 422(a) was for a particularly serious crime (PSC). He asserts that the agency erroneously relied on evidence of his post-conviction conduct, but the IJ properly considered this

---

[2]      Abdelsalam indicates that he has filed a motion to reopen, currently pending before the BIA, in which he asserts that his attorney ineffectively failed to raise several of the arguments he now raises for the first time in his petition for review. However, his arguments to this court regarding ineffective assistance of counsel are unexhausted and we do not consider them. *Sola*, 720 F.3d at 1135.

evidence for impeachment, not to determine whether his conviction was for a PSC. Abdelsalam also argues that this evidence was unreliable, but the IJ applied the appropriate legal standards in his analysis, and we "may not reweigh the evidence." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

Moreover, Abdelsalam's arguments that the agency should have considered mental health evidence as part of its PSC analysis[3] and that the IJ failed to consider the length of his sentence are unexhausted, and we do not consider them. *Sola*, 720 F.3d at 1135.

3.    Abdelsalam argues that the agency erred by "[r]elying solely on information contained in a previously overturned decision" to deny his Convention Against Torture (CAT) claim, that its denial of the CAT claim violated the doctrine of issue preclusion, and that the agency failed to consider his "mental health problems" in denying CAT relief. These arguments are unexhausted, and we do not consider them. *Id.* He also argues that the record demonstrates that he will be tortured if he returns to Egypt. However, the IJ found that Abdelsalam failed to demonstrate a likelihood of torture because the beating he described did not rise to the level of torture, and Abdelsalam did not demonstrate a likelihood of future torture in light of documentary evidence. Nothing in the record compels a contrary

---

[3]    Abdelsalam also argues that the BIA should have considered his mental health in its PSC analysis sua sponte, but he cites no authority indicating that the BIA was required to do so.

conclusion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc).

4. The BIA did not abuse its discretion by denying Abdelsalam's November 2019 motion to reopen. A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Abdelsalam's motion to reopen was untimely, and he concedes that "there was no change in the facts," that would excuse his untimely filing. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, as discussed above, the BIA was not required sua sponte to reopen proceedings and remand for competency evaluation based on deficiencies in his pro se motion because those deficiencies were not indicia of incompetency.

**DENIED IN PART AND DISMISSED IN PART.**

*Abdelsalam v. Garland*, No. 19-72018
MOLLOY, District Judge, concurring:

While I agree with the panel that there is no case that specifically holds that Abdelsalam's pro se indictment of his own competency was sufficient to trigger the BIA's duty to remand for further inquiry, I am troubled by that result here for several reasons. First, it defies logic to require an individual to competently decry his or her own competence. *See* Joseph Heller, *Catch-22* 46 (1961) ("If he flew [more bombing missions], he was crazy and didn't have to; but if he didn't want to, he was sane and had to."). Abdelsalam's pro se request for an inquiry implicitly acknowledges his uncertainty about his own mental health and the impact it may have on his case. Moreover, his insistence in filing pro se documents despite his representation by counsel casts some doubt on his attorney's ability to assist him. That doubt is only exacerbated when one considers the fact that counsel drafted his brief to the BIA prior to reviewing the IJ decision on appeal and the fact that Abdelsalam was not represented at every IJ hearing.

Second, while the record before the IJ contained only individual instances of concerning but explainable conduct or comments, that record takes on a different tone once the specter of mental illness is formally raised. Looking to the facts of his underlying criminal conviction, Abdelsalam hid in the trunk of his ex-fiancée's car, jumped out at her, and chased her down the street. And, during his hearings in front of the IJ, Abdelsalam made strange comments, such as claiming that his

1

phone contained a letter from "Ali" stating that "I will give you $20,000 if you do not inform the immigration authorities about your case." While the IJ did not have the benefit of a larger mental health concern in considering these facts, the BIA did.

Finally, and probably the most concerning, is Abdelsalam's assertion that he was undergoing mental health treatment while in the custody of the Department of Homeland Security ("DHS"). His pro se filing states: "Petitioner at this time is, under care of a psychiatric [sic] while detained and on anti-psychotic, medication." "The DHS has an obligation to provide the court with relevant materials in its possession that would inform the court about the respondent's mental competency." *M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011) (citing 8 C.F.R. § 1240.2(a)); *see also Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1183 (9th Cir. 2018) (holding that IJ failed to "adequately ensure that DHS complied" with its obligation to provide mental health records). It therefore seems it was incumbent on the BIA, with the knowledge it had, to send the case back to the IJ to review mental health records held by the DHS.

Ultimately, the watchword of the panel's decision in this case is "unexhausted." One can only wonder how different the record may have been if an inquiry had been made into Abdelsalam's competence while the case was still before the agency.