NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDDY LOPEZ-AGUILAR,<br><br>      Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No.   17-72005<br><br>Agency No. A028-778-268<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit Judges.

Freddy Lopez-Aguilar petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which denied his motion to reopen. Lopez-Aguilar argues that he was denied due process during his deportation proceeding. Lopez-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aguilar also argues that the BIA abused its discretion when it declined to reopen his case because the BIA failed adequately to consider changed country conditions in Guatemala. We deny the petition in part and dismiss it in part.

1. The BIA did not abuse its discretion in declining to reopen Lopez-Aguilar's case based on alleged due process violations in his deportation proceedings.[1] A non-citizen "is entitled to a 'full and fair hearing' that meets the requirements of due process." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (quoting *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir. 1999)). "[I]f [a non-citizen] shows 'indicia of incompetency,' the [immigration judge ("IJ")] has an independent duty to determine whether the [non-citizen] is competent." *Mejia v. Sessions*, 868 F.3d 1118, 1121 (9th Cir. 2017) (citation omitted). A non-citizen is competent if he "has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and to present evidence and to cross-

---

[1] A petitioner generally must bring a motion to reopen within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Here, Lopez-Aguilar missed that deadline by approximately two decades. The BIA noted that Lopez-Aguilar's motion to reopen was untimely, but it did not address this issue. Instead, the BIA denied this portion of Lopez-Aguilar's motion on the merits. "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). Accordingly, we review only the BIA's merits decision and do not address the government's assertion that the motion was untimely.

2

examine witnesses." *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018) (quoting *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011)).

Lopez-Aguilar argues that his illiteracy was evidence of his incompetency, such that notice should have been served on a third party, and that he was incompetent to participate in his 1996 deportation proceedings. An interpreter, however, read the order to show cause to Lopez-Aguilar in Spanish. A Spanish interpreter also was present at his deportation proceeding. Moreover, Lopez-Aguilar gave coherent testimony and "did not show an inability to answer questions," "a high level of distraction," "an inability to stay on topic," or other "indicia of incompetence." *Cf. Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018) (holding that poor memory resulting from a non-citizen's recent automobile accident did not amount to mental incompetency).

Lopez-Aguilar also argues that the IJ should have advised him of his eligibility for asylum or voluntary departure. But Lopez-Aguilar did not raise this argument before the agency and, therefore, has failed to exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (recognizing due process claims are exempt from exhaustion requirements "only if they involve more than 'mere procedural error' that an administrative tribunal could remedy" (citation omitted)). We therefore lack subject-matter jurisdiction to address the argument. *See id.* (interpreting 8 U.S.C. § 1252(d)(1) as a jurisdictional bar).

2. The BIA also did not abuse its discretion in declining to reopen Lopez-Aguilar's case based on alleged changed country conditions.[2] *See* 8 C.F.R. § 1003.2(c)(3)(ii) (explaining the time limitation set forth for motions to reopen "shall not apply" where a noncitizen applies for asylum based on newly discovered, material evidence of changed country conditions). To prevail on a motion to reopen based on changed country conditions, a petitioner needs "to clear four hurdles": "(1) he ha[s] to produce evidence that conditions ha[ve] changed in [his country of nationality]; (2) the evidence ha[s] to be 'material;' (3) the evidence must not have been available and would not have been discovered or presented at the previous proceeding; and (4) he ha[s] to demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Toufighi v. Mukasey,* 538 F.3d 988, 996 (9th Cir.2008) (internal quotation marks and citation omitted).

As the BIA noted here, a generalized fear of civil unrest or crime is insufficient to meet a petitioner's burden of making out a prima facie case for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that

---

[2] Lopez-Aguilar originally moved to reopen based on changed country conditions to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In his opening brief, however, Lopez-Aguilar argues only that the BIA failed fully to address his claim for asylum. Accordingly, any arguments about withholding of removal or CAT relief are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

a non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Lopez-Aguilar argues that "an increase in the severity of persecution feared may provide a legitimate basis for reopening." However, even taking as true Lopez-Aguilar's assertion that there has been a material change in country conditions, the BIA did not abuse its discretion in finding Lopez-Aguilar has not demonstrated that this evidence would establish prima facie eligibility for asylum because Lopez-Aguilar has not shown that he would be targeted for persecution on account of a protected ground. *See Toufighi*, 538 F.3d at 996.

**PETITION DISMISSED in part and DENIED in part.**